**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-2281**

---

REACHING HEARTS INTERNATIONAL, INC.,

　　　　　Plaintiff - Appellee,

　　v.

PRINCE GEORGE'S COUNTY; COUNTY COUNCIL OF PRINCE GEORGE'S
COUNTY, Sitting As The District Council,

　　　　　Defendants - Appellants.

---------------------------------------

KATHLEEN O. DUGAN; MICHAEL F. DUGAN; DAVID RIDGWAY; MARY
RIDGWAY,

　　　　　Amici Supporting Appellants.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.　Roger　W.　Titus,　District Judge.
(8:05-cv-01688-RWT)

---

Argued:　January 28, 2010　　　　　Decided:　March 3, 2010

---

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** William Walter Wilkins, NEXSEN PRUET, Greenville, South
Carolina, for Appellants.　Ward Baldwin Coe, III, GALLAGHER,
EVELIUS & JONES, LLP, Baltimore, Maryland, for Appellee.　**ON
BRIEF:** Kirsten　E.　Small,　NEXSEN　PRUET,　Greenville,　South

Carolina; Rajesh A. Kumar, Peggie N. McWhorter, Upper Marlboro, Maryland, for Appellants. David W. Kinkopf, Brian T. Tucker, GALLAGHER, EVELIUS & JONES, LLP, Baltimore, Maryland, for Appellee. G. Macy Nelson, Ann MacNeille, LAW OFFICES OF G. MACY NELSON, Towson, Maryland, for Amici Supporting Appellants.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reaching Hearts International, Inc. ("Reaching Hearts"), a Seventh Day Adventist congregation, purchased property in Prince George's County, Maryland ("the County") on which it intended to build a church and related facilities. The property's zoning permitted churches as a matter of right. However, Reaching Hearts was unable to obtain a change in the sewer and water classification for portions of the property. The denial of reclassification effectively prohibited the church's planned development of a worship center. Many other properties received approval for sewer and water reclassifications in 2003 and 2005, but Reaching Hearts — the only church property — was denied such a reclassification.

After multiple unsuccessful administrative applications and appeals, Reaching Hearts filed suit in the United States District Court for the District of Maryland, alleging that the County had violated its rights under the Equal Protection Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[1]  See 42 U.S.C. §§ 2000cc et seq. Reaching Hearts prevailed on both claims in a seven-day jury trial, obtaining an

_____

   [1] The relevant facts are adequately summarized in the district court's thorough opinion. See Reaching Hearts Int'l, Inc. v. Prince George's County, 584 F. Supp. 2d 766 (D. Md. 2008).

3

award of $3,714,822.36 in damages and an injunction against the County as to future discriminatory treatment. The County filed a timely appeal and our jurisdiction arises under 28 U.S.C. § 1291.

On appeal, the County argues that the district court should have granted its request for judgment as a matter of law on both the Equal Protection and RLUIPA claims, or — in the alternative — that multiple deficiencies in the proceedings below necessitate a new trial. Because our review of the record reveals no error requiring reversal, we affirm the judgment of the district court.

I.

The County's initial argument that the district court erred in denying it judgment as a matter of law against Reaching Hearts is reviewed de novo.[2] Our analysis of this issue is, however, greatly circumscribed by the applicable standard of review. See Dotson v. Pfizer, Inc., 558 F.3d 284, 292 (4th Cir. 2009). Judgment as a matter of law is only appropriate if any

---

[2] Because all aspects of this case are ripe for adjudication, we reject the County's jurisdictional argument. See Patsy v. Bd. of Regents, 457 U.S. 496, 500-01 (1982); Flying J Inc. v. City of New Haven, 549 F.3d 538, 545 (7th Cir. 2008); see also Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000).

reasonable jury, "viewing the evidence in the light most favorable to" Reaching Hearts, would necessarily find in the County's favor. Id. In determining whether the evidence supports "only one reasonable verdict," id. (quotation omitted), we refrain from making "credibility determinations or weigh[ing] the evidence," as these are "jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

We have reviewed the record, disregarded "all evidence favorable" to the County that the jury was "not required to believe," id. at 151, and cannot say that the district court erred in denying the County's motion for judgment as a matter of law. Viewed in the light most favorable to Reaching Hearts, the evidence presented at trial of the County's anti-church animus was very strong. The evidence thus supports the jury's conclusion that (1) the County intentionally discriminated against Reaching Hearts on a prohibited ground, and (2) the County imposed or implemented a land use regulation in a manner that imposed a substantial burden on Reaching Heart's religious exercise, without satisfying the standard of strict scrutiny.

Our conclusion in this regard is not altered by the County's assertion that the doctrines of res judicata and collateral estoppel barred Reaching Hearts from introducing as evidence the County's denial of the 2003 water and sewage

category change application. Assuming, but specifically not deciding, that the district court erred in allowing the jury to consider the denial of the 2003 application, this error was harmless. "Considering the record as a whole," in the light most favorable to Reaching Hearts, "there is overwhelming evidence" that the County discriminated against the church on religious grounds. Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 356 (4th Cir. 1994). "That evidence would have been sufficient without" consideration of the County's denial of the 2003 application, a fact which "almost surely did not affect the outcome of the case."[3] Id. (quotation omitted).

The County, in the alternative, contends that multiple evidentiary and instructional errors by the district court necessitate a new trial. We disagree. Our review of these claims, at least to the extent the County's arguments were preserved below, is for an abuse of discretion. See Buckley v. Mukasey, 538 F.3d 306, 317, 322 (4th Cir. 2008); United States v. Jeffers, 570 F.3d 557, 564 n.4 (4th Cir. 2009). Even if we

---

[3] Even if we were to accept the County's argument that Reaching Hearts was barred from instituting a RLUIPA claim because it failed to include this claim in the mandamus action filed in Maryland state court, but see Frazier v. King, 873 F.2d 820, 824 (5th Cir. 1989), Reaching Hearts also prevailed on its equal protection claim. Prevailing on that ground is independently sufficient to support the damages award and injunctive remedy Reaching Hearts obtained below.

6

were to conclude the district court erred on any of the evidentiary claims the County now argues, reversal is appropriate only if the County demonstrates sufficient resulting prejudice. See Buckley, 538 F.3d at 317, 322. Given the strength of Reaching Hearts' evidence, the County has failed to show that any plausible error committed by the district court was sufficiently prejudicial to warrant a new trial, i.e., that an error-free trial was likely to result in a different outcome in this case.[4] See Muhammad v. Kelly, 575 F.3d 359, 375 (4th Cir. 2009).

The County's arguments relating to the scope of damages and injunctive relief awarded by the district court are also reviewed for an abuse of discretion. See Robles v. Prince George's County, 302 F.3d 262, 271 (4th Cir. 2002); Tuttle v. Arlington County Sch. Bd., 195 F.3d 698, 703 (4th Cir. 1995). We thus "give the benefit of every doubt to the judgment of the trial judge." Robles, 302 F.3d at 271 (quotation omitted). After considering the evidence and the arguments presented below, we cannot say that the district court's remedial rulings were "outside the range of choices permitted." Evans v. Eaton

---

[4] The County is "'entitled to a fair trial but not a perfect one,' for there are no perfect trials." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984) (quoting Brown v. United States, 411 U.S. 223, 231-32 (1973)). In this case, we are persuaded that the trial was fair.

7

Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008) (quotation omitted).

Thus, having found no reversible error in any of the challenged actions of the district court, we affirm the judgment of the district court.

AFFIRMED